IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Derrick Jones, | ) |
| | ) |
|    *Plaintiff,* | ) |
| | ) No. _____ |
|    -*vs*- | ) |
| | ) |
| Correctional Officer Martinez | ) *(jury demand)* |
| #15060, Sheriff of Cook County, and | ) |
| Cook County, Illinois, | ) |
| | ) |
|    *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2. Plaintiff Derrick Jones was a detainee at the Cook County Jail in September 2017. He is not currently confined in any jail, prison, or other correctional facility.

3. Correctional Officer Martinez #15060 was at all relevant times acting under color of his authority as a correctional officer employed by the Sheriff of Cook County; plaintiff sues Martinez in his individual capacity only.

4. Defendant Sheriff of Cook County is sued in his official capacity as the indemnitor of defendant Martinez.

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. On September 13, 2017, plaintiff was a detainee at the Cook County Jail, where he was housed in a four-person cell with detainees Aaron Roberts, Gregory Terry, and Alexander Weatherspoon.

7. At around 11:00 p.m. on September 13, 2017, defendant Martinez saw that the detainees in plaintiff's cell were fighting.

8. The fight was started by Roberts, who had attacked plaintiff with a piece of a wheelchair; the other detainees, including plaintiff, fought back to protect themselves before defendant Martinez ordered the detainees to stop fighting.

9. Plaintiff does not raise any claim against any defendant about this fight.

10. At around 9:00 a.m. on September 14, 2017, defendant Martinez was assigned to transport Roberts to another part of the Jail.

11. At the time he was assigned to transport Roberts, defendant Martinez knew that Roberts had started the fight the night before and that the fight had involved plaintiff.

12. A reasonable correctional officer who knew the facts known to Martinez when he was assigned to transport Roberts would have known that, provided with an opportunity, Roberts would resume the fight with plaintiff.

13. Defendant Martinez ignored the obvious risk that Roberts would resume the fight with plaintiff when he chose to transport Roberts without

placing him in handcuffs and without adequately supervising Roberts during the transport.

14. When defendant Martinez brought Roberts through a waiting room in which plaintiff was seated with his hands cuffed behind his back and his legs shackled, Roberts took advantage of defendant Martinez's failures and brutally attacked plaintiff.

15. As a result of the acts and omissions of defendant Martinez, Roberts punched plaintiff in the head numerous times, causing plaintiff to lose consciousness and incur physical injuries.

16. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and suffered physical injuries.

17. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against defendant Martinez and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ <u>Joel A. Flaxman</u>
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for plaintiff*